**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION**

| | | |
|---|---|---|
| DR. RACHEL KOZICZKOWSKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| FOREFRONT DERMATOLOGY, S.C., | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

**TO:  THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF ILLINOIS:**

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Forefront Dermatology, S.C. ("Forefront"), by and through the undersigned counsel, hereby removes the above-captioned action from the Fourteenth Judicial Circuit Court, Rock Island County in the State of Illinois to the United States District Court for the Central District of Illinois. Forefront respectfully shows the Court as follows:

## THE COMPLAINT IN ISSUE

1.      On May 14, 2020, Plaintiff Dr. Rachel Koziczkowski ("Plaintiff") filed a Complaint against Forefront in the Fourteenth Judicial Circuit Court, Rock Island County in the State of Illinois, captioned as *Dr. Rachel Koziczkowski v. Forefront Dermatology, S.C.*, Case No. 2020 L 63.  (*See* Plaintiff's Complaint ("Compl."), attached hereto as Exhibit A).

2.      The Complaint alleges three claims against Forefront under the Illinois Human Rights Act, 775 ILCS 5-1/101 *et seq.* ("IHRA"), for: (1) pregnancy discrimination; (2) disability discrimination; and (3) retaliation.  (*See* Compl.).

## LEGAL STANDARD FOR REMOVAL

3.      Pursuant to 28 U.S.C. § 1332(a)(1), "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

4.      Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

5.      Pursuant to 28 U.S.C. 1446(b)(1), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . ."

## TIMELINESS OF REMOVAL BY FOREFRONT

6.      On August 28, 2020, Forefront was served with copies of the Complaint and Summons.

7.      On September 28, 2020, Forefront filed this Notice of Removal.

8.      Forefront's Notice of Removal is timely as it was filed within 30 days of receiving copies of the Complaint and Summons.  *See* 28 U.S.C. §1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999).

9.      In accordance with 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings and orders served upon Forefront is attached hereto as Exhibit B.

## BASIS FOR REMOVAL BASED ON DIVERSITY JURISDICTION

10.     In this case, the Central District of Illinois has original subject matter jurisdiction over all the causes of action in the Complaint because, as set forth below: (A) the amount in

2

controversy exceeds $75,000, exclusive of interest and costs; and (B) the controversy is between citizens of different states.  Therefore, under 28 U.S.C. § 1441(a), the Complaint is removable to federal court on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a).

**A.  The Amount in Controversy Exceeds $75,000.[1]**

11.    "If the plaintiff's complaint, filed in state court, demands monetary relief of a stated sum, that sum, if asserted in good faith, is 'deemed to be the amount in controversy[]' for purposes of diversity jurisdiction."  *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87 (2014).

12.    Plaintiff's Complaint, filed in Illinois state court, demands well in excess of the $75,000 threshold for diversity of jurisdiction under 28 U.S.C. § 1332(a).

13.    Specifically, Plaintiff alleges she was damaged when Forefront allegedly deducted a $50,000 sign-on bonus from Plaintiff's compensation.  (Compl. ¶¶ 13-16).

14.    In addition, Plaintiff's Complaint seeks damages in the form of other "compensatory damages, reinstatement, [and] back pay . . . ."  (Compl. ¶¶ 71, 75, and 80).

15.    Plaintiff alleges, for instance, she was constructively discharged before the end of Plaintiff's three-year Employment Agreement.  (Compl. ¶ 78).  A true and correct copy of Plaintiff's Agreement is attached hereto as Exhibit C.

16.    Plaintiff alleges, due to Forefront's breach of the Agreement, the Agreement terminated on September 19, 2018, approximately 12 months before the Agreement was set to expire on September 30, 2019.  (Compl. ¶ 54).

17.    Under the Agreement, Plaintiff was to receive $300,000 per annum from Forefront.

---

[1] Forefront does not concede Plaintiff is entitled to any damages.  In fact, Forefront denies Plaintiff is entitled to any relief, let alone the $350,000 she seeks.  Forefront expressly reserves and does no waive its right to challenge the damages claimed by Plaintiff in this case.

(*See* Exhibit C at p. 12).  Therefore, Plaintiff's Complaint seeks at least $300,000 in back pay.

18.     As detailed above and in her Complaint, Plaintiff seeks a total monetary award against Forefront of at least $350,000 in this case.

**B. Complete Diversity of Citizenship Exists.**

19.     "Diversity jurisdiction 'requires complete diversity: no plaintiff may be a citizen of the same state as any defendant.'"  *Hicks v. Ford Motor Co.*, 2020 U.S. Dist. LEXIS 31650, at *3 (C.D. Ill. Feb. 25, 2020).

<u>Plaintiff is a Citizen of Iowa</u>

20.     In the case of a natural person, "[c]itizenship for purposes of the diversity jurisdiction is domicile, and domicile is the place one intends to remain . . . ."  *Dakuras v. Edwards*, 312 F.3d 256, 257 (7th Cir. 2002).  *See also May v. Quagliano*, 2017 U.S. Dist. LEXIS 228670, at *4 (C.D. Ill. June 1, 2017) ("A person is domiciled where his contacts symbolize 'a home base and life' as opposed to 'a business relationship'").

21.     Based on information and belief, Plaintiff resides at 4010 Kathleen Way in Davenport, Iowa.  Excerpts from background and property reports showing Plaintiff's residence are attached hereto as Exhibit D.  Although Plaintiff alleges she has spent two to three weeks per month working in Springfield, Missouri, Plaintiff does not allege she intends to remain in Missouri. (Compl. ¶¶ 61-62).  As such, Plaintiff's domicile is the State of Iowa.

22.     Plaintiff is, therefore, a citizen of the State of Iowa.

<u>Forefront is Not a Citizen of Iowa</u>

23.     Forefront is a corporation incorporated and maintains its principle place of business in the State of Wisconsin.

24.     Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen

4

of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."

25.     Furthermore, for purposes of diversity jurisdiction, a corporation's "'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities," *i.e.*, the corporation's "nerve center." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010).

26.     Here, Forefront is a Wisconsin corporation headquartered in Manitowoc, Wisconsin.  A corporate detail report and current certificate of status from the Wisconsin Department of Financial Institutions is attached hereto as Exhibit E.  Forefront's officers direct, control, and coordinate the company's activities from Manitowoc, Wisconsin.  Therefore, for purposes of establishing diversity jurisdiction, Forefront is a citizen of Wisconsin – not the State of Iowa.

27.     Because Plaintiff is a citizen of Iowa and Forefront is a citizen of Wisconsin, complete diversity of citizenship exists.

28.     Because the amount in controversy, as alleged by Plaintiff is at least $350,000 and complete diversity of citizenship exists in this case, removal is appropriate under 28 U.S.C. §§ 1332(a) and 1441(b).

## **VENUE**

29.     Venue is proper in the Central District of Illinois because the Complaint was filed in the Fourteenth Judicial Circuit Court, Rock Island County in the State of Illinois.  *See* 28 U.S.C. §§ 1441(a) and 1446.

## **NOTICE TO PLAINTIFF AND THE CIRCUIT COURT FOR ROCK ISLAND COUNTY, ILLINOIS**

30.     In accordance with 28 U.S.C. § 1446(d), Forefront will promptly file with the

Fourteenth Judicial Circuit, Rock Island County in the State of Illinois, and serve upon Plaintiff's counsel, a copy of this Notice of Removal.

31.     The undersigned counsel for Forefront has read the foregoing and signs the Notice of Removal pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. § 1446(a).

WHEREFORE, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Forefront Dermatology, S.C. respectfully requests that this action be removed from the Fourteenth Judicial Circuit, Rock Island County in the State of Illinois to the United States District Court for the Central District of Illinois.


Dated: September 28, 2020                              Respectfully submitted,

                                                       Forefront Dermatology, S.C.

                                               By:     /s/ Kerryann M. Haase
                                                       One of Its Attorneys


Kerryann M. Haase
Michael K. Chropowicz
Michael Best & Friedrich LLP
444 West Lake Street, Suite 3200
Chicago, Illinois 60606
Telephone: 312.661.2104
E-mail: khminton@michaelbest.com
mkchropowicz@michaelbest.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 28, 2020, I electronically filed the foregoing ***Notice of Removal*** with the Clerk of the Court using the CM/ECF system.  I further certify that on the same day, I also served a copy the same via e-mail, postage prepaid, to the following counsel of record:

**Kelsey A. W. Marquard**
O'Brien & Marquard, P.L.C.
2322 East Kimberly Road, Suite 100E
Davenport, Iowa 52807
E-mail: kawm@emprights.com

/s/ Kerryann M. Haase
*Attorney for Defendant*
Michael Best & Friedrich LLP
444 West Lake Street, Suite 3200
Chicago, Illinois 60606
E-mail: khminton@michaelbest.com

7